**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LONNIE WEBBER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-03-1600** |
| **vs.** | : | |
| | : | **(CHIEF JUDGE VANASKIE)** |
| **PA BOARD OF PROBATION AND** | : | |
| **PAROLE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

I.    **Introduction.**

State prisoner Lonnie Webber proceeds pro se and in forma pauperis in this

civil rights action.  Webber claims that the Pennsylvania Board of Probation and Parole ("the

Board") inappropriately denied him parole because of his alleged disability attributable to drug

addiction, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12131, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a).  Instead

of granting Webber's request for parole to a community-based therapeutic program

specializing in the treatment of his psychoneurotic disorder, the Board directed his re-

commitment and participation in a residential substance abuse treatment program ("RSAT").

As relief, Webber seeks a declaratory judgment that the ADA and RA apply to the

"substantive decision-making process of defendants . . .," as well as a finding that the Board

has violated the ADA and RA by its alleged policy and practice of incarcerating qualified

individuals with a disability by reason of their drug addiction disability.  Webber also asks for

injunctive relief, mandating an individualized assessment for parole that does not penalize him

for his disability.[1]  (Dkt. Entry 1.)  Finally, he request compensatory damages.

Defendants (the Board and former Acting Chairman Martinez) have moved for

summary judgment premised on Webber's inability to show that he was denied parole on the

basis of his disability.  Alternatively, Defendants contend that this action is barred by the

doctrine of res judicata.  (Dkt. Entry 52.)  Webber has filed a "Counter Statement to

Defendant's Statements of Undisputed Material Facts and Superior Counterclaim Federal

Rules Civil Procedure, Fed. R. Civ. P. 60(b)(4)."  (Dkt Entry 53.)  Having carefully considered

the matter, I find that no reasonable jury could find that Webber suffered an adverse parole

action "because of" his alleged disability.  Accordingly, Defendants' motion for summary

judgment will be granted.[2]

---

[1]  I note that in Webber's opposition materials to Defendants' motion for
summary judgment he also seeks the issuance of a writ of habeas corpus.  See Dkt. Entry 53,
p. 11.  This form of relief is not available in a civil rights action.  See  Preiser v. Rodriguez, 411
U.S. 475, 488-89 (1973); Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).

[2]  In light of this decision, Plaintiff's Motion for Leave to File Amended Supplemental
Proceedings (Dkt. Entry 56), addressing the Supreme Court's recent ruling that states may be
held liable in damages for alleged violations of the ADA, see United States v. Georgia, 126 S.
Ct. 877 (2006), will be dismissed as moot.

II.    **Statement of Relevant Facts.**

Webber is a United States Marine veteran who survived the October 23, 1983,

terrorist bombing of his Marine Amphibious Group's barracks in Beirut, Lebanon.   Plaintiff

alleges that he has a service connected disability for a psychoneurotic disorder.   He contends

that, as a "coping mechanism," he turned to illicit drugs.

In 1991 Webber was convicted of two counts of delivery of a controlled

substance, and one count of conspiracy to deliver a controlled substance in relation to his own

cocaine addiction.   He received a sentence of  4 to 25 ½ years imprisonment.    He was

paroled in 2000 to an outpatient drug and alcohol abuse treatment program, which he

successfully completed.   Webber has allegedly remained drug free since.

In 2003 Webber was re-incarcerated as a technical parole violator ("TPV") for

traveling outside his district without permission; changing his address without permission; and

failing to report to his parole officer.   At his June 24, 2003, parole violation hearing, Webber,

assisted by counsel, requested placement in a community based program which specialized

in treatment of his psychoneurotic disorder, rather than incarceration.   On July 24, 2003, the

Board denied Webber re-parole as well as his request to be placed in a community based

treatment program.   (Dkt. Entry 52-3, July 25, 2003, Notice of Board Decision.)   In directing

that Webber be confined, the Board also provided that Webber "comply with the institution's

prescriptive program requirements and have no misconducts. [Webber] must participate in

and successfully complete the residential substance abuse treatment program." (Id.)

Webber's next review was scheduled for January 2004, but "not before three months of

successful participation in Phase II of the RSAT program." (Id.)

Webber's parole violations did not involve drugs.  Plaintiff contends he is drug

free and does not need to participate in further drug treatment programs as he no longer has

a substance abuse problem.  At the time of his parole violation hearing, the Department of

Corrections ("DOC") staff also did not recommend Webber's participation in additional drug or

alcohol treatment programs.  (Id.)  Webber contends the Board has an unwritten policy or

practice of automatically re-committing technical parole violators with a history of substance

abuse to the Residential Substance Abuse Treatment program ("RSAT") for the purpose of

securing federal financial assistance.  (Id.)

## III.   Relevant Procedural History.

Webber initiated this action on September 11, 2003.  By Order of September

30, 2004, the Court granted, in part, Defendants' Motion to Dismiss the Amended Complaint.

(Dkt. Entry 27.)  Webber's claims under the Americans with Disability Act ("ADA") and

Rehabilitation Act ("RA") against the Board and Mr. Martinez[3] are all that remain of the

---

[3]  Webber may not maintain an action under the ADA or the RA against the
individual defendants identified in his complaint because neither the ADA nor the RA impose
liability upon individuals. See 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)(ADA).  Mr.
Martinez remains a defendant only in his official capacity for purposes of declaratory and
injunctive relief.

Amended Complaint.  Webber alleges that he was denied parole at his parole violation

hearing and required to participate in the RSAT program strictly on the basis of his disability.

This assertion is sufficient to state a claim under the ADA and RA.  See Thompson v. Davis,

295 F.3d 890, 896 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003).

On November 10, 2004, Webber initiated a Petition for Review before the

Commonwealth Court of Pennsylvania, challenging his denial of parole .  See Webber v.

Pennsylvania Board of Probation and Parole, et al., No. 763 M.D. 2004 (Pa. Cmwlth Ct.).

After Webber filed an Amended Petition, Respondents filed preliminary objections and

demurred to each claim.  On May 26, 2005, the Commonwealth Court of Pennsylvania

sustained the preliminary objections asserting a lack of jurisdiction.[4]  See Dkt. Entry 52-2.

IV.    **Standard of Review**.

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Consol. Rail Corp., 297 F.3d 242,

---

[4]  There is no signature page attached to the Order presented by Defendants.
Thus, I have no way to determine whether the Order, as presented, is complete.
Furthermore, it does not appear that the Commonwealth Court reached a final judgment
on the merits of Webber's claim that he was denied parole on the basis of his history of
drug addiction or on any claim of discrimination.  Therefore, the doctrine of res judicata is
not applicable here.

247 (3d Cir. 2002).  The party moving for summary judgment bears the initial responsibility of

stating the basis for the motion and identifying those portions of the record which demonstrate

the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323

(1986).  After such a showing, the burden then shifts to the nonmoving party to "set forth

specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The

nonmoving party "must present *affirmative evidence* in order to defeat a properly supported

motion for summary judgment.*"* <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460 (3d

Cir. 1989)(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257(1986))(emphasis in

<u>Williams</u>).   The nonmoving party cannot "simply reassert factually unsupported allegations

contained in [the] pleadings."  <u>Williams</u>, 891 F.2d at 460 (citing <u>Celotex</u>, 477 U.S. at 325).  In

other words, mere reliance on the allegations of the complaint is not enough for a plaintiff to

defeat a defendant's summary judgment motion.  <u>Celotex</u>, 477 U.S. at 325;  <u>see</u> <u>also</u> Fed. R.

Civ. P. 56(e)(the nonmoving "party may not rest upon the mere allegations or denials of the

adverse party's pleading . . . .").  If the evidence in favor of the nonmoving party is merely

colorable or not significantly probative, summary judgment should be granted.  <u>Boyle v.</u>

<u>County of Allegheny</u>, 139 F.3d 386, 393 (3d Cir. 1998) (quoting <u>Matsushita Elec. Indus. Co. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

**V.     Discussion.**

                    "Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis

of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA

provides that "no qualified individual with a disability shall by reason of such disability be

excluded from participation in or denied the benefits of the services, programs, or activities of

a public entity, or be subjected to discrimination by any such entity."  See 42 U.S.C. § 12132.

"The regulations to Title II of the ADA state that the statute 'applies to all services, programs,

and activities provided or made available by public entities.'" Schorr v. Borough of Lemoyne,

243 F. Supp. 2d 232, 235 (M.D. Pa. 2003)(quoting 28 C.F. R. § 35.102(a)).  The RA prohibits

excluding a disabled person from a program that receives federal financial assistance solely

by reason of his or her disability.  See 29 U.S.C. § 794.  Both Title II of the ADA and the RA

apply to services, programs and activities provided within state correctional institutions. Pa.

Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998).   The substantive standards for

determining liability under the ADA and RA are the same.  Fromm v. MVM, Inc., No. Civ.

1:CV-04-1315, 2006 WL 133540, *4 (M.D. Pa. Jan 10, 2006)(citing Antol v. Perry, 82 F.3d

1291, 1299 (3d Cir. 1996)). To present a prima facie claim under either law, a plaintiff must

show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for

the benefit in question; and 3) he was excluded from the benefit due to discrimination based

upon disability. See 42 U.S.C. § 12131 et seq.; Serbin v. Consolidated Rail Corp., 140 Fed.

Appx. 336, 337 (3d Cir. 2005).

        The ADA and RA "have closely parallel definitions of disability."  Marshall v.

Sisters of Holy Family of Nazareth, 399 F. Supp. 2d 597, 607 (E.D. Pa. 2005)(quoting

McDonald v. Commonwealth of Pa., Dept. of Pub. Welfare, 62 F.3d 92, 95 (3d Cir.1995)).  A

"disability" under the RA includes: (1) a physical or mental impairment that substantially limits

one or more major life activities; (2) a record of such impairment; or (3)  being perceived as

having such an impairment.  Sever v. Henderson, 381 F. Supp. 2d 405, 414 (M.D. Pa. 2005).

Drug addiction that substantially limits one or more major life activities is a recognized

disability under the ADA.  28 C.F.R. § 35.104(1)(ii)("The phrase physical or mental impairment

includes . . . drug addiction . . . .").  However, the term "qualified individual with a disability"

does not include an individual who is currently engaging in the illegal use of drugs.  28 C.F.R.

§ 35.104(5)(iii).  The ADA protects individuals who have successfully completed or are

participating in a supervised drug rehabilitation program and are no longer using illegal drugs,

as well as individuals who are erroneously regarded as using drugs when they are not.

Thomas v. Davis, 295 F.3d 890, 896 (9th Cir. 2002),  cert. denied, 538 U.S. 921 (2003); see

also Roberson v. AMTRAK/National R.R. Passenger Corp., 400 F. Supp. 2d 612, 622-23

(S.D. N.Y. 2005).

        Webber claims that the Board relied on his disability in violation of the ADA and

RA when denying him reparole at his 2003 parole violation hearing.  Plaintiff claims he was

denied the benefit of a full and fair individualized assessment for parole by reasons of his

disability when the Board denied him re-parole and required that he participate in the RSAT

-8-

program.  To support his theory, Webber offers, and the Defendants do not dispute, that he

successfully completed an outpatient drug and alcohol abuse program in 2000, and has

remained drug free ever since.  Plaintiff also notes that only the Board, and not the DOC, has

mandated his participation in the RSAT program.

      For the sake of resolving this motion only, I will accept that Webber has

presented sufficient evidence from which a reasonable jury could find that he has satisfied the

first element of an ADA claim, i.e., that because of his history of drug abuse he is a person

with a disability within the meaning of the ADA.  Webber, however, has failed to present any

evidence to support a rational inference that he was qualified for parole or that he was denied

parole based on his psychiatric condition or history of drug addiction.[5]

      The record reveals that Webber was denied parole in July, 2003 after he was

found to be a technical parole violator who was "not amenable to parole supervision."  This

finding was grounded in Webber's admission that he had failed to abide by the conditions of

parole, specifically those related to leaving his district without permission, changing his

residence without permission, and failing to report as required.  See Dkt. Entry 52-3, July 25,

---

[5] It is unclear whether Webber is basing his disability discrimination claim on his drug
addiction or psychoneurotic disorder.  In denying Defendants' Motion to Dismiss Webber's ADA
and RA claims, I commented that "[i]t should . . . be noted that Webber has not alleged any
facts from which it may be inferred that he was subject to discrimination by reason of PTSD of
his alleged psychoneurotic disorder." Dkt Entry 27, p. 18, n. 6.  The uncertainty as to the
precise basis for his claim is not material, however, as it is clear that he has failed to carry his
burden to demonstrate he was denied parole because of any alleged disability.

2003, Notice of Board Decision.  After establishing the existence of the violations, the Board

directed Webber's incarceration as a technical parole violator.  There is no mention of drugs

being involved in the Board's reasons to deny parole, nor has Webber provided any evidence

to create a factual dispute as to this issue.  (Id.)

Webber has thus failed to show he was entitled to parole.  Nor has he shown

that he was denied parole because of his alleged disability.  The Board plainly had the

authority to direct his confinement based upon his violation of the conditions of parole.  In

exercising its discretion on this issue, the Board was entitled to assess the significance of

Webber's past history of drug abuse.  "A person's disability that leads one to a propensity to

commit crime may certainly be relevant in assessing whether that individual is qualified for

parole."  Thompson, 295 F.3d at 898 n.4.  An inmate's alleged disability may be taken into

consideration in assessing the inmate's dangerousness or likelihood of recidivism.  See Staley

v. Rea, 46 Fed. Appx. 497, 498 (9th Cir. 2002).  Accordingly, summary judgment in a civil

rights action brought by a prisoner challenging the denial of parole as violating the ADA and

RA was granted in O'Neal v. Rubitschun, No. 105CV417, 2005 WL 1923599 (W.D. Mich. Aug.

11, 2005), because "[a] prisoner's disability that leads him to a propensity to commit crime is

certainly relevant in determining whether he is qualified for parole."  Id. at *3.  Similarly,

habeas corpus relief was denied without a hearing where the inmate based a challenge to the

denial of parole based upon his substance abuse history because the petitioner could not

show that he was "otherwise qualified."  <u>Mitchell v. Metrish</u>, No. 04-CV-72411, 2005 WL

2397031, at *6 (E.D. Mich. Sept. 28, 2005).

      The fact that the Board set as a condition for future parole consideration

Webber's successful completion of a RSAT does not establish that he was denied parole

based on his disability, i.e., his history of drug abuse.  The Board "has broad discretion in

parole matters."  <u>Finnegan v. Pennsylvania Board of Probation and Parole</u>, 576 Pa. 59, 838

A.2d 684, 687 (2003). It weighs many factors, including "the nature and character of the

offense committed, any recommendation by the trial judge and the District Attorney, the

general character *and history of the prisoner* and testimony or statements by the victim and

the victim's family."  <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 555 Pa. 285, 724

A.2d 319, 321 (1999)(emphasis added).  Even if Webber could demonstrate that the Board

considered his history of drug abuse in making its decision at his parole violation hearing,

such consideration would be fairly within its purview and necessary to making an

individualized assessment as to his parole suitability.

      The record reveals Webber was denied parole in 2003 because he was "not

amenable to parole supervision," and not because of any real or perceived disability.  In

making this judgment, the Board was not required to disregard Webber's past history of drug

abuse.[6]

## VI.   Conclusion.

Regardless of the precise nature of Webber's alleged "disability," whether it be related to his mental health problems or his past history of drug addiction, Plaintiff has not presented sufficient evidence from which a reasonable jury could find that he was denied a full and fair individualized assessment for the opportunity of parole in 2003 at his parole violation hearing based on a disability.  Accordingly, Defendants are entitled to summary judgment.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

---

[6]  To the extent Webber claims he was denied parole in October 2004 due to his disability, this event occurred subsequent to his filing of this action and is not properly before the Court at this time.  Nonetheless, considering this issue without deciding it, it does not appear Webber was denied parole in 2004 due to his disability.  Rather, the Board clearly articulated its reasoning for denying Webber parole on that occasion: He failed to obtain "[t]he recommendation [of] the Department of Corrections [and his] institutional behavior, including reported misconducts."  See Dkt. Entry 52-4, October 5, 2004, Notice of Board Decision.

-12-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**LONNIE WEBBER,**                                               :
                                                                 :
    **Plaintiff**                              :
                                                                 :   **CIVIL NO. 3:CV-03-1600**
    **vs.**                                     :
                                                                 :   **(CHIEF JUDGE VANASKIE)**
**PA BOARD OF PROBATION AND**                                    :
**PAROLE, <u>et</u> <u>al</u>.,**                                :
                                                                 :
    **Defendants**                             :

**O R D E R**

    **NOW, this 8th DAY OF MARCH, 2006,** for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's Counter Statement to Defendant's
          Statements of Undisputed Material Facts and
          Superior Counterclaim Federal Rules Civil
          Procedure, Fed. R. Civ. P. 60(b)(4),  (Dkt Entry 53),
          is construed as Plaintiff's Brief in Opposition to
          Defendants' Motion for Summary Judgment.

    2.    Defendants' motion for summary judgment (Dkt.
          Entry 51) is **GRANTED**.

    3.    Plaintiff's Motion for Leave to File Amended Supplemental
          Proceedings (Dkt. Entry 56) is **DISMISSED AS MOOT**.

4.      The Clerk of Court is directed to enter judgment in
        favor of Defendants and against Plaintiff, and to
        mark this matter **CLOSED**.

<u>**s/ Thomas I. Vanaskie**</u>
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

2